# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. SYLVESTER DAVIS,** | |
| **Plaintiff,** | 1:06-cv-13 |
| v. | |
| **LOCKHEED MARTIN CORPORATION,** | |
| **Defendant.** | |

TO: David Marshall Nissman, Esq.
      Joycelyn Hewlett, Esq., AUSA
      Henry L. Feuerzeig, Esq.

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

THIS MATTER is before the Court upon Defendant Lockheed Martin Corporation's Motion to Transfer (Docket No. 44). Plaintiff Relator filed a response in partial opposition to said motion and motion to transfer venue to the Northern District of Texas, Dallas Division. Defendant filed a reply in support of its motion. Plaintiff Relator then filed a reply to Defendant's reply in support of its motion wherein it opposed Plaintiff Relator's motion to transfer venue to the Northern District of Texas, Dallas Division.

Defendant seeks a transfer of venue to the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1404(a), based

upon the fact that the events underlying this action are alleged to have occurred in Fort Worth, Texas; Defendant, Plaintiff Relator, witnesses and likely all documents are located in Fort Worth, Texas, and the "Second Amended Complaint . . . makes no allegations having any connection to the United States Virgin Islands." Memorandum in Support of Motion to Transfer at 1 (Docket No. 44) (hereinafter, Memorandum in Support). Plaintiff Relator opposes transfer by stating that his choice of forum is "rational, legitimate, and entitled to significant weight." In the alternative, Plaintiff Relator requests transfer to the Northern District of Texas, Dallas Division. Relator's (1) Response in Partial Opposition to Defendant Lockheed Martin Corporation's Motion to Transfer and (2) Motion to Transfer Venue to the Northern District of Texas, Dallas Division (Docket No. 53) (hereafter, Response and Motion) at 2.

## DISCUSSION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[1] A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is within the broad discretion of the Court. *Elbeco, Inc. v. Estrella de Plato, Corp.*, 989 F. Supp. 669, 679 (E.D. Pa. 1997); *see also Fortay v University of Miami*, Civ. A. No. 93-3443,

---

1. All references to the United States Code are to the electronic versions that appear in Westlaw.

1994 WL 62319 at *8 (D.N.J. February 17, 1994) (quoting *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 632 (3d Cir. 1989)) (" The decision whether to transfer an action rests in the sound discretion of the trial court 'appraising the practical inconvenience posed to the litigants and to the court should a particular action be litigated in one forum or another'").

> Courts consider many factors when ruling on motions to transfer venue, including: plaintiff's forum preference as manifested in the original choice . . .; the defendant's preference . . .; whether the claim arose elsewhere . . .; the convenience of the parties as indicated by their relative physical and financial condition . . .; the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora . . .; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . .
>
> The public interests have included: the enforceability of the judgment . . . ; practical considerations that could make the trial easy, expeditious, or inexpensive . . ..; the relative administrative difficulty in the two fora resulting from court congestion . . .; the local interest in deciding local controversies at home . . .; the public policies of the fora . . .; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara v. State Farm Ins. Co..*, 55 F.3d 873, 879-80 (3d Cir. 1995) (citations omitted). As this Court recently stated, the "court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the private and public interests." *Kendricks v. Hertz Corp.*, Civ. No. 2005-0164, 2008 WL 3914135 at *3 (D.V.I. August 18, 2008) (citation omitted).

**Private interest factors**

Plaintiff Relator correctly states that Plaintiff's preference is to be given great weight. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970). It is also true that "'[p]laintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum,'" *Lomanno v. Black*, 285 F. Supp. 2d 637, 644 (E.D.Pa. 2003) (quoting *Rowles v. Hammermill Paper Co., Inc.*, 689 F.Supp. 494, 496 (E.D.Pa.1988)) or "where plaintiff does not reside in that forum." *United States ex rel. Penizotto v. Bates East Corp.*, No. CIV.A 94-3626, 1996 WL 417172 at *2 (E.D. Pa. July 18, 1996) (citing *Fischer v. Consolidated Rail Corp.*, No. CIV.A. 95-7692, 1996 WL 72576 (E.D. Pa. February 20, 1996)).

Despite Plaintiff Relator's original choice of this forum and his "belief" that his choice "should be respected and sustained, he acknowledges that the Northern District of Texas is a more convenient venue for all parties and witnesses." Response and Motion at 6. Plaintiff Relator then states that he "prefers the Dallas Division to the Fort Worth Division." *Id*. Plaintiff Relator supports this preference by pointing to Defendant's Dallas County facilities and alleging that the Dallas Division will provide a forum "more neutral than Defendants' [sic] home forum." *Id*. at 6-7.

Defendant's preference, as stated in its motion, is the Fort Worth Division. Defendant bases its "preference" on the general rule that favors the forum "which is the

center of the accused activity." Memorandum in Support at 3 (citations omitted) (internal quotation marks omitted). As the complaint in this matter alleges, the "events at the center of this dispute occurred in Fort Worth, Texas . . . ." *Id*. Plaintiff Relator does not deny that such is the case. Consequently, the first two private interest factors weigh in favor of transfer to the Northern District of Texas.

As noted hereinabove, the general rule is the "[p]referred forum is that which is the center of the accused activity." *S.C. Johnson & Son, Inc. v. Gillette Co*., 571 F. Supp. 1185, 1187-88 (Ill. 1983). In the matter at bar, the Court finds that the alleged events at the center of this dispute occurred in Fort Worth, Texas. Thus, this factor weighs in favor of transfer to the Northern District of Texas, Fort Worth Division.

Weighing the convenience of the parties, the Court finds that neither Plaintiff Relator nor Defendant resides or are otherwise located in the Virgin Islands. Travel and other costs would be incurred by both sides whether this action is litigated in the Virgin Islands or in the Northern District of Texas. Consequently, the fact that Defendants can better absorb the costs of litigating in the Virgin Islands does not weigh against transfer.

With regard to the final private interest factor, the Court observes that the "convenience to witnesses weighs heavily in making a decision regarding a motion to transfer venue." *Gonzalez v. Electronic Control Systems, Inc*., No. Civ. 93-3107, 1993 WL

372217 at *4 (E.D. Pa. September 17, 1993) (citation omitted) (cited in *Fellner ex rel. Estate of Fellner v. Philadelphia Tobaggan Coasters, Inc.*, No. Civ. A. 05-1052, 2005 WL 2660351 at *5 (E.D. Pa. October 18, 2005) (slip op.)). Defendant's Memorandum in Support notes that no witnesses located in the United States Virgin Islands have been identified by Plaintiff Relator and that Defendant "is aware of none." Memorandum in Support at 4. While it is true that depositions may be used in the event a witness "is more than 100 miles from the place of hearing or trial . . . ." Fed. R. Civ. P. 32(a)(4)(B), where, as here, none of the witnesses are located within 100 miles of St. Croix, this jurisdiction is inconvenient for the witnesses. The Court finds that this factor weighs in favor of transfer.

Since the physical evidence in this matter is comprised almost exclusively of records and other documents and, as such, can easily be transported or otherwise obtained, the Court finds that this factor weighs against transfer. *See, e.g., Gonzalez v. Electronic Control Systems, Inc.*, No. CIV. 93-3107, 1993 WL 372217 at *4 (E.D. Pa. September 17, 1993).

**Public interest factors**

Of the public interest factors listed in *Jumara,* the only factor that concerns the Court is the local interest in deciding local controversies. Although, as Plaintiff Relator alleges, any violation of 31 U.S.C. § 3729 may have occurred throughout the United States as well as in the Virgin Islands, it is clear that this matter does not center on a local controversy.

When considering, as the *Kendricks* court did, the "relationship of the respective communities to which the jurors are required to serve to the occurrences that give rise to the instant litigation," 2008 WL 3914135 at *8, the Court finds that the citizens of Texas have a much greater interest in the just and fair resolution of this case. *See, e.g., Mediterranean Golf, Inc. v Hirsh*, 783 F. Supp. 835, 849-50 (D.N.J. 1991); *see also Ricoh*, 817 F. Supp. at 486 (where District Court of New Jersey found that "[b]ecause Minnesota is the locus of the majority of alleged culpable conduct, Minnesota has a strong public interest in adjudicating" the dispute). It does not appear that any comparable public interest exists in resolving this matter in St. Croix. St. Croix jurors should not be burdened with adjudicating a matter concerning conduct which was largely localized in Texas. *See, e.g., id.* at 487. Accordingly, the Court finds that the residents of Texas have a more significant interest in resolving this matter and should shoulder the responsibility of jury duty.

Moreover, as between the Fort Worth Division and the Dallas Division, the Court finds that the Fort Worth Division is the proper venue based upon the location of Defendant's corporate offices; the management of the program(s) at issue located in such offices; the development process, quality control, and evaluation of the program(s) at issue occurred under the auspices of such offices; Plaintiff Relator worked in Fort Worth; and, Plaintiff Relator's employment records are located in Fort Worth. Memorandum in

Support at 2 (citing Complaint). Consequently, the citizens of that forum should bear the responsibility for jury duty.

**Conclusion**

Based upon the foregoing, the only relevant factors against transfer is Plaintiff Relator's original choice of forum, access to records and documents and other physical evidence, and, arguably, the convenience of the parties. Because none of those factors are accorded much weight, the Court finds that the balance of all the factors strongly weighs in favor of transfer. *Kendricks*, 2008 WL 3914135 at *8; *see also Kressen v. Federal Ins. Co.*, 122 F. Supp. 2d 582, 589-90 (D.V.I. 2000).

Accordingly, it is now hereby **ORDERED**:

1. Defendant Lockheed Martin Corporation's Motion to Transfer (Docket No. 44) is **GRANTED**.

2. This matter is **TRANSFERRED** to the United States District Court for the Northern District of Texas, Forth Worth Division, and the Clerk of Court shall forward a copy of the file in this matter to said court.

3. The operation of this order is **STAYED** for ten (10) days to allow any appeal or until the resolution of any appeal that may be filed, whichever occurs later.

ENTER:

Dated: October 5, 2009 /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE